NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAYNE TATUM,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5130

---

Appeal from the United States Court of Federal Claims in case no. 10-CV-510, Judge Mary Ellen Coster Williams.

---

## ON MOTION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the United States Court of Federal Claims' June 27, 2011 order dismissing Wayne Tatum's complaint for lack of jurisdiction.

Tatum served in the United States Marine Corps from November 3, 1970, until his discharge on December 2, 1993. On August 3, 2010, Tatum filed a complaint in the Court of Federal Claims seeking correction of his military records as well as a promotion, back pay, and military benefits.

The Court of Federal Claims dismissed the suit, finding Tatum's claims time-barred. Specifically, the court found that Tatum filed his complaint outside the six year statue of limitations period which began to accrue at the time of his military discharge on December 2, 1993. Tatum appealed to this court.

Summary affirmance of a "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary affirmance is warranted.

The Court of Federal Claims correctly determined that Tatum's complaint was time-barred. In *Martinez v. United States*, 333 F.3d 1295, 1310 (Fed. Cir. 2003), this court held that a plaintiff's cause of action challenging a military discharge and seeking related back pay begins to accrue on the date of the plaintiff's discharge. Because Tatum did not bring his complaint within six years of his discharge in December of 1993, the Court of Federal Claims correctly determined it lacked jurisdiction over the complaint. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008) (concluding that the six-year statue of limitations is jurisdictional and cannot be waived.)

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The Court of Federal Claims' judgment is affirmed.

(2) Each side shall bear its own costs.

FOR THE COURT

JAN 1 3 2012
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Wayne Tatum
    Jessica R. Toplin, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 1 3 2012

JAN HORBALY
CLERK